OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the third-party defendant, Marine Midland Bank, N. A., for an order granting it summary judgment on the third-party complaint and granting summary judgment on the cause of action asserted by the plaintiff against Chemical Bank on the amended complaint and on the cross motion of defendant, the United States Life Insurance Company (U. S. Life), against Chemical Bank.
The assignors of plaintiffs Sherman and Charlotte Mcllmoyl maintained three separate whole life insurance policies with defendant U. S. Life. During the time of the *924 incidents complained of, defendant John F. MacArevey was a licensed agent for U. S. Life.
On June 20, 1977, Mr. MacArevey, according to the Mcllmoyls, induced them to purchase a single-payment annuity policy by representing to them that they would earn a greater rate of interest than they were then earning on their respective insurance policies. This annuity was to be purchased by borrowing the sum of $15,000 against the insurance policies and using the proceeds to purchase the annuity. He then obtained their signatures on four documents, presumably policy loan agreements, which he represented were necessary in order to procure the $15,000 loan against the policies.
Through the use of the signed policy loan agreement, Mr. MacArevey obtained a $15,000 loan against one of the policies in Charlotte Mcllmoyl’s name and on July 1,1977, he caused defendant U. S. Life to issue a check, drawn on Chemical Bank, payable to the order of Charlotte Mcllmoyl for the sum of $15,000. That check was subsequently indorsed by Mrs. Mcllmoyl and delivered to Mr. MacArevey. He then used the proceeds of the loan to purchase an annuity contract having an annual premium of $15,000, rather than a single-payment premium in that amount as the Mcllmoyls had requested.
Mr. MacArevey subsequently used the remaining three documents previously executed by the Mcllmoyls to procure the maximum loans allowable against all three of their life insurance policies. On September 13, 1977, Mr. MacArevey caused U. S. Life to draw a check payable to the order of Charlotte Mcllmoyl for the sum of $6,861.68, that being the maximum loans allowable against her policies numbered 301061 and 301063. The check was drawn on the defendant Chemical Bank. On September 14, 1977, Mr. MacArevey caused U. S. Life to draw a check payable to the order of Sherman Mcllmoyl for the sum of $5,500.91, that being the maximum loan allowable against his policy number 301064. That check was also drawn on the defendant Chemical Bank.
Mr. MacArevey subsequently forged the indorsements of Charlotte and Sherman Mcllmoyl on the two checks and deposited them in his account with defendant Marine *925 Midland Bank for collection. Marine Midland presented the checks to Chemical Bank through the bank collection process and Chemical Bank paid on the checks as presented. Upon payment, Marine Midland credited Mr. MacArevey’s account with the proceeds of the two checks and he then converted the proceeds to his own use.
The Mcllmoyls assigned whatever claim they might have arising from the afore-mentioned transaction to their daughter, Laura Mcllmoyl, plaintiff herein. The plaintiff’s amended complaint asserts separate causes of action against U. S. Life, Chemical Bank and Mr. MacArevey (whose whereabouts are unknown). U. S. Life cross-claimed against Chemical Bank and Chemical Bank commenced a third-party action against Marine Midland, seeking indemnification for any judgment it might be required to pay.
The movant, Marine Midland Bank, N. A., contends that pursuant to section 3-405 (subd [1], par [c]) of the Uniform Commercial Code (the fictitious payee rule), it did not breach its warranty of good title to Chemical Bank and is not bound to indemnify Chemical Bank for any judgment which might be rendered against it for paying the checks over forged indorsements.
This court must agree with the contention of the movant. As a general rule, a forged indorsement on a check which is payable to order is wholly inoperative as the payee’s indorsement; and since the payee’s indorsement is necessary in order to negotiate the instrument, and thereby pass a good title, a forged instrument precludes good title from passing. Therefore, generally, when a collecting bank presents a check that contains a forged indorsement to a drawee bank, it breaches its warranty of good title and may be liable therefor.
The Uniform Commercial Code provides an exception to that general rule, however, known as the “fictitious payee” rule. Section 3-405 (subd [1], par [c]) of the Uniform Commercial Code provides that:
“An indorsement by any person in the name of a named payee is effective if * * *
*926 “(c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest.”
The principle followed in said rule is that the loss should fall upon the employer as a risk of his business enterprise rather than upon the subsequent holder or drawee.
Therefore, when an agent of a drawer supplies the drawer with the name of a payee for the purpose of having the drawer draw a check payable to the named payee, having no intention that the named payee will receive any interest in the check, the agent’s indorsement in the name of the named payee is effective to transfer good title (Uniform Commercial Code, § 3-405, subd [1], par [c]). When a collecting bank, therefore, receives a check containing a forged indorsement by an agent of a drawer, it takes the check for collection on behalf of one who is deemed to have good title and when it presents such a check to the drawee bank, it does not breach its warranty of good title and the drawee bank has no recourse against it (see Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank, 82 AD2d 772, revd on other grounds 57 NY2d 439). In the above-cited case, whose facts were similar to this case, the Appellate Division reversed Special Term on a motion for summary judgment on the third-party complaint and held that section 3-405 (subd [1], par [c]) of the Uniform Commercial Code provides a complete defense to the third-party defendant.
Here, Mr. MacArevey, a licensed agent of the drawer of the check, U. S. Life, caused U. S. Life to draw checks in the name of the Mcllmoyls and deliver them to him intending that the Mcllmoyls would have no interest in those checks. Therefore, his indorsement in the name of the Mcllmoyls was effective to transfer good title, and Marine Midland did not breach its warranty of title and is entitled to summary judgment on the third-party complaint (Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank, supra).
Further, since Mr. MacArevey’s indorsements were effective in passing good title, the checks presented to them were properly payable. Section 3-405 (subd [1], par [c]) of the Uniform Commercial Code also provides a complete *927 defense to any claims against Chemical Bank, and section 3-405 (subd [1], par [c]) of the Uniform Commercial Code authorized Chemical Bank to charge its customer’s account and Chemical Bank is therefore also entitled to summary judgment in the claims against it.
The motion by the third-party defendant Marine Midland Bank for summary judgment on the third-party complaint is granted, and its further motion for summary judgment on the cause of action by the plaintiff against Chemical Bank and the cross claim of defendant U. S. Life against Chemical Bank are also granted.